

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 1, 1971

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-1008

Re: Effect of H.B. 1099,
62nd Leg., R.S. 1971
on procedure in assessing
property, such as the
Harris County Domed
Stadium and other lease-
holds in the County, and
the proper application
to such assessments.

Dear Sir:

You ask the following question:

> "Does House Bill 1099 change the procedure
> in the assessing of property such as the
> Domed Stadium and other leasehold interests
> in the county, and if so, how would it apply
> to an assessment of the Domed Stadium and
> related facilities?"

House Bill 1099 is the bill passed by the 62nd
Legislature, Regular Session, 1971. We will assume
that the "Domed Stadium" you speak of is owned by the
County of Harris.

House Bill 1099 amends Articles 7173 and 7174,
Vernon's Civil Statutes.

Article 7173 before the amendment and insofar as it
relates to leasehold interests, read in part as follows:

> "Property held under a lease for a term
> of three years or more, or held under a
> contract for the purchase thereof, belong-
> ing to this State, or that is exempt by law
> from taxation in the hands of the owner
> thereof, shall be considered for all the
> purposes of taxation, as the property of
> the person so holding the same, except as
> otherwise specially provided by law. ..."

-4915-

As amended, this Article now reads, in its relevant part:

> "Leasehold interests in land, buildings, or improvements owned in whole or in part by the State, a county, a city or cities, a school district or any other governmental or public entity or body politic.
>
> "Property held under a lease for a term of one year or more, or held under a contract for the purchase thereof, belonging to the State, a county, a city or cities, a school district, or any other governmental or public entity, authority or body politic or that is exempt by law from taxation in the hands of the owner thereof, except for properties held, owned or dedicated, in trust or otherwise, to the support, maintenance or benefit of institutions of higher education, shall be considered for all the purposes of taxation, as the property of person so holding the same, except as otherwise specially provided by law; however this shall not include:
>
> " . . ."

The effect of the amendment to Article 7173 is to make the leasehold estate held for a term of one year or longer taxable to the lessee as owner, if owned in whole or in part by either the State, county, city, school district or any public entity or body politic while the article prior to amendment required the lease to be for a term of three years or more and also applied only to property owned by the State or that is exempt by law from taxation in the hands of the owner thereof. Also, Article 7173 V.C.S., as amended, excepts taxation of the leasehold interest to the lessee as owner, for properties held, owned or dedicated, in trust or otherwise, to the support, maintenance or benefit of institutions of higher education.

The amendment to Article 7173, insofar as leasehold interests in publicly owned property are concerned, changed the length of the lease term from "three years or more" to "one year or more," and broadened the entities of ownership. House Bill 1099, supra, will not change the procedure in assessing the value of the leasehold interest in the Domed Stadium. For the purpose of this opinion we are assuming the term of the lease on the Domed Stadium was for three years or more when House Bill 1099 was passed and also that the Domed Stadium is not dedicated to the support of institutions of higher education.

Article 7174, before the amendment and insofar as it related to leasehold interests read, in part, as follows:

> "...
>
> "Taxable leasehold estates shall be valued at such a price as they would bring at a fair voluntary sale for cash..."

This Article as amended, in its relevant part, now reads as follows:

> "...
>
> "taxable leasehold estates on non-exempt property shall be valued at such price as such leasehold estates would bring at a voluntary sale for cash, and taxable leasehold estates on exempt property shall be valued at such price as such leasehold estates would bring at a voluntary sale thereof for cash, based upon the value of a comparable improvement if located on non-exempt property, with reductions for reversionary interests, restrictions on use, and credit for normal rental..."

Under Article 7174, before amendment, a taxable leasehold estate was valued at the price the leasehold would bring at a fair voluntary sale for cash. Under Article 7174, as amended, a taxable leasehold estate on exempt property is to be valued at what a comparable improvement located on non-exempt property would bring at a voluntary sale for cash, with reductions for reversionary interests, restrictions on use, and credit for normal rental.

## SUMMARY

House Bill 1099, 62nd Legislature, Regular Session, 1971 amends Article 7173, V.C.S. It does not change the procedure in assessing the property known as the Domed Stadium.

House Bill 1099, supra, also amends Article 7174, V.C.S. The amendment changes the method of valuation of a leasehold estate. In the words of the statute the method is:

"...[T]axable leasehold estates on exempt property shall be valued at such price as such leasehold estates would bring at a voluntary sale thereof for cash, based upon the value of a comparable improvement if located on non-exempt property, with reductions for reversionary interests, restrictions on use, and credit for normal rental."

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Fisher A. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Broadhurst
Bart Boling
John Banks
Scott Garrison

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant